**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
**STEPHANIE A. GALLAGHER**
**UNITED STATES MAGISTRATE JUDGE**

**101 WEST LOMBARD STREET**
**BALTIMORE, MARYLAND 21201**
**(410) 962-7780**
**Fax (410) 962-1812**

December 21, 2012

LETTER TO COUNSEL

RE:    *Terry R. Chapman v. Commissioner, Social Security Administration*;
       Civil No. SAG-11-274

Dear Counsel:

        Pending, by their consent, are the parties' Motions for Summary Judgment[1] concerning the Commissioner's decision denying Mr. Chapman's claim for Disability Insurance Benefits ("DIB"). ECF Nos. 8, 13, 18, 23. I must uphold the Commissioner's decision if it is supported by substantial evidence and if proper legal standards were employed. 42 U.S.C. § 405(g); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). A hearing is unnecessary. Local Rule 105.6 (D. Md. 2011). For the reasons that follow, I will deny both Motions and remand this case for further proceedings in accordance with this opinion.

        Terry R. Chapman ("Mr. Chapman") applied for DIB on March 1, 2007, alleging that he was disabled as of March 1, 2006 due to degenerative joint disease, arthritis in his feet, mental issues, low red and white blood count, and anemia. (Tr. 47, 108, 131). His claim was denied initially, and upon reconsideration. (Tr. 40-41). At Mr. Chapman's request, a hearing was held before Administrative Law Judge ("ALJ") J. Robert Brown on July 14, 2009. (Tr. 18-39). After the hearing, the ALJ concluded in a decision dated July 23, 2009 that Mr. Chapman's bilateral flat feet, torn right rotator cuff, hemorrhoids, osteoarthritis in his ankles and two fingers of the right hand, and hypertension were all severe medically determinable impairments. However, the ALJ found that Mr. Chapman's impairments did not meet or medically equal any of the listed impairments ("The Listings") contained in 20 C.F.R. Part 404, Subpart P, App. 1. (Tr. 47, 49), and that Mr. Chapman retained the residual functional capacity ("RFC") to perform "light" work. Based on his age, education, and RFC, and testimony from a vocational expert ("VE"), the ALJ found that Mr. Chapman could perform his past relevant work as an office worker. (Tr. 52). Accordingly, the ALJ found that Mr. Chapman was not disabled. (Tr. 45-53). On December 10, 2010, the Appeals Council denied Mr. Chapman's request for review, leaving the ALJ decision as the final decision of the agency. (Tr. 1-5).

------

[1] Terry R. Chapman, who is *pro se*, has filed his "Motion in Summary" in accordance with the scheduling order. Because Plaintiff is a *pro se* litigant, I am construing his filing liberally. ECF No. 18.

*Terry R. Chapman v. Commissioner, Social Security Administration*
Civil No. SAG-11-274
December 21, 2012
Page 2

Mr. Chapman alleges that the ALJ made several errors. As explained below, I conclude that the ALJ's decision is not supported by substantial evidence. After review of the entire record, I find that the ALJ failed to apply the appropriate standard concerning medical opinions when assessing the severity of Mr. Chapman's mental impairments at step two, and consequently in determining Mr. Chapman's RFC.

The primary problem in this case is the ALJ's failure to adequately discuss all the pertinent medical evidence when explaining his rationale for his finding at step two. (Tr. 236-53). The ALJ found that Mr. Chapman's medically determinable "mental impairments of delusional disorder, adjustment disorder, and psychotic disorder considered singly or in combination do not cause more than minimal limitation in the claimant's ability to perform basic mental work activities and therefore are non-severe." (Tr. 47). The ALJ documented specific findings as to the degree of limitation in each of the four areas of functioning described in paragraph (c) of § 404.1520a, stating that Mr. Chapman had: (1) "**mild**" limitations in activities of daily living; (2) "**mild**" limitations in social functioning; (3) "**mild**" limitations in concentration persistence or pace; and (4) experienced "no" episodes of decompensation. (Tr. 47-48) (emphasis added). To support these findings, the ALJ discussed the reports from Dr. Steven A. Hirsch, and Dr. Alan Langlieb, Exhibits 4-F and 9-F respectively. However, the ALJ never discussed the reports submitted by state agency physician Dr. C.B. Moore, Exhibits 11F and 12-F. (Tr. 236-52). Dr. Moore's report supports Mr. Chapman's allegations that his mental illness is severe and that it impacted his ability to perform work.

In November 2007, Dr. Moore reviewed Mr. Chapman's medical records and completed a Psychiatric Review Technique Form ("PRTF") and a Mental Residual Functional Capacity Assessment ("MRFCA") assessing Mr. Chapman's ability to perform work related activities. (Tr. 236-52). Dr. Moore stated that Mr. Chapman had: (1) "**mild**" limitations in activities of daily living; (2) "**moderate**" limitations in social functioning; (3) "**moderate**" limitations in concentration persistence or pace; and (4) experienced "one or two" episodes of decompensation. (Tr. 246) (emphasis added). Dr. Moore also stated in his PRTF that Mr. Chapman was "moderately" limited in his ability to: (1) understand and remember detailed instructions; (2) carry out detailed instructions; (3) maintain attention and concentration for extended periods; (4) perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances; (5) work in coordination with or in proximity to others without being distracted by them; (6) complete a normal work-day without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods; (7) accept instructions and respond appropriately to criticism from supervisors; (8) get along with coworkers or peers without distracting them or exhibiting behavioral extremes; (9) maintain socially appropriate behavior and to adhere to basic standards of neatness and cleanliness; and (10) respond appropriately to changes in the work setting. (Tr. 250-51).

The ALJ did not even note Dr. Moore's report in his decision. The ALJ did not find a severe mental limitation at step two, and did not consider Dr. Moore's opinion in determining

*Terry R. Chapman v. Commissioner, Social Security Administration*
Civil No. SAG-11-274
December 21, 2012
Page 3

Mr. Chapman's RFC.[2]  Social Security Ruling ("SSR") 96-8p states, in relevant part:

> [T]he RFC assessment must always consider and address medical source opinions. If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted.

1996 WL 374184.  The ALJ's error is not inconsequential.  According to SSR 96-8p, the mental activities required by competitive, remunerative, unskilled work include: responding appropriately to supervision, coworkers, and work situations, and dealing with changes in the work setting. *See* SSR 96-8p, 1996 WL 374184, at *6.  Dr. Moore found a limitation precluding this activity, and the ALJ did not address it.  I cannot determine whether findings are supported by substantial evidence unless the agency clearly indicates the weight given all of the relevant evidence. *Gordon v. Schweiker*, 725 F.2d 231 (4th Cir. 1984); *see also* SSR 96-8p.  In so finding, I do not express any opinion on whether the ALJ's ultimate conclusion that Mr. Chapman was not disabled was correct or incorrect.

For the above reasons, the Commissioner's decision is reversed and the case is remanded for further proceedings in accordance with the foregoing Memorandum.  A separate Order shall issue.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge

---

[2]  In finding that Claimant could perform "light work," and determining that he could perform his past relevant work as an office worker, the ALJ failed to explain how he considered the medical evidence from Dr. Moore. (Tr. 47-49).